```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 08-10039-CIV-KING
                          MAGISTRATE JUDGE P. A. WHITE
```

JOEL A. MURPHY,                     :

    Plaintiff,                 :

v.                                  :          REPORT OF
                                                        MAGISTRATE JUDGE
STATE OF FLORIDA, ET AL.,           :

    Defendants.                :
_____

## I.  Introduction

On May 19, 2008, Joe A. Murphy, a resident of California, filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding _in forma pauperis_. [DE# 5].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding _in forma pauperis_.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>                   \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                      *   *   *

          (B) the action or appeal -

                      *   *   *

          (i)  is frivolous or malicious;

          (ii) fails to state a claim on which
          relief may be granted; or

          (iii) seeks monetary relief from a
          defendant who is immune from such
          relief.
```

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for

2

failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that on December 29, 2006 he was stopped and questioned by two police officers in Monroe County, Florida. When the officers discovered that there was an outstanding warrant for his arrest issued in 1992, he was arrested and searched. The search revealed evidence of misdemeanor offenses, to which the plaintiff pled guilty.  The plaintiff claims that he believed the

3

1992 warrant had been discharged, and if it had been discharged the evidence supporting the misdemeanor offenses would not have been discovered. Although not clear, it appears the plaintiff seeks monetary damages related to what he believes was the malicious prosecution of the misdemeanor offenses for which he was arrested on December 29, 2006.

The plaintiff has raised no claims that may be considered in this federal civil rights action.  The claims he raises challenge the constitutionality of the misdemeanor offenses and, as such, are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

Because the plaintiff's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

In addition, any claim of malicious prosecution is premature. In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See <u>Kelly v. Serna</u>, 87 F.3d 1235, 1240-41 (11 Cir. 1996); <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). The plaintiff has not alleged that his conviction has terminated in his favor and, accordingly, any claim of malicious prosecution should be dismissed as premature.

### III.  <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 29th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Joel A. Murphy, <u>Pro Se</u>
      412 North Coast Highway
      Suite B, #165
      Laguna Beach, CA 92651